MARY E. HOWARD v. AUSTIN HOWARD AND WIFE.

[IN CHANCERY.]

*Mortgage. Trusts. Voluntary Settlement.*

When a mortgage is executed conditioned for the support of the mortgagee and his wife, and also for the payment of specified sums to his two daughters, the mortgagor and mortgagee cannot afterwards make a legal contract which injuriously affects the daughters, reaffirming *Sargent* v. *Baldwin, ante,* 17.

PETITION to foreclose a mortgage. Heard on the pleadings and agreement, December Term, 1887, ROYCE, Chancellor. Decree that the defendants pay the sums of money named in the petition or be foreclosed. The case is stated in the opinion.

*French & Southgate,* for the petitioner.

*T. O. Seaver,* for the defendants.

The opinion of the court was delivered by

TYLER, J. The facts alleged in the petition and admitted in the answer are in substance as follows : April 3, 1875, Abel Howard and his wife conveyed by deed certain tracts of land in Hartford to their son, the defendant, Austin Howard, who, with his wife, on the same day, executed and delivered to Abel Howard a mortgage of the same lands, conditioned, among other things, for the payment of $100 annually to the mortgagee during his life, and for his and his wife's support during their lives, the payment of $300 to the petitioner and

$150 to Hannah E. Squires, daughters of the mortgagee, within six months after the decease of the latter and his wife, and also to furnish the petitioner with a suitable room in defendant's house and a seat at his table whenever she claimed either of those privileges. The wife of the mortgagee died prior to January 21, 1884, and after her decease he desired to have an alteration made in the condition of the mortgage so that he might receive a larger annuity and thereafter maintain himself; and, accordingly, on said January 21, he and the defendant, without the consent or knowledge of the petitioner, made an agreement under their hands and seals by which the defendant undertook to pay him $200 annually, and he undertook to release the defendant from his obligation for support and from all covenants and contracts which he held against the defendant. On the 23d of January, 1886, Hannah E. Squires sold and transferred her claim to the petitioner, who has ever since been the owner thereof. Abel Howard died prior to July 1, 1886, and more than six months thereafter, and after demand of payment of the defendant and his refusal, this suit was brought. The entire consideration of the mortgage and the covenants therein moved from Abel Howard. It also appeared that the defendant paid him, after the new contract was made, $200 annually while he lived.

The opinion of the court in *Sargent* v. *Baldwin, ante*, 17, heard at the last General Term, is decisive of this case.

The decree is affirmed and cause remanded, with suggestion to the chancellor to cause other persons who may have an interest in the mortgage to be made parties to this proceeding if necessary for a final decree.